IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **AGUSTIN DE JESUS-RIVERA,**<br><br>Plaintiff<br><br>v.<br><br>**OFFICE MAX PUERTO RICO, INC.**<br><br>Defendant | CIVIL NO. 17-2203<br><br>CIVIL RIGHTS;<br>ADEA |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** the Plaintiff, and through the undersigned attorneys, very respectfully avers and prays as follows:

**I.   INTRODUCTION**

1. This is a civil action brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§'s 621 *et seq.*; Commonwealth Act 100 of June 30, 1959 as amended, 29 L.P.R.A. §§'s 146 *et seq.* and Commonwealth Act 115 of December 20, 1991 as amended, 29 L.P.R.A. §§'s 194 *et seq.*

**II. JURISDICTION & VENUE**

2.   The jurisdiction of this Honorable Court is hereby invoked under 28 U.S.C. § 1331 and § 1343(3), since the action arises under the laws of the United States. Supplemental Jurisdiction is also invoked under 28 U.S.C. § 1367. The state claims are related to the federal claims in this action, since they form part of the same case or controversy under Article III of the United States Constitution as provided by 28 U.S.C. § 1367(a). Venue lies on this district pursuant to 28 U.S.C.A. § 1391(a)(2) because the instant claims arose in the district of Puerto Rico.

**III. THE PARTIES**

3. Plaintiff Agustin De Jesus-Rivera(Hereinafter "Mr. De Jesus or Plaintiff"), is a resident of the Commonwealth of Puerto Rico, and the victim of the discrimination narrated herein.

4.   Defendant Office Max Puerto Rico, Inc. (Hereinafter "Office Max")is a corporation created under the laws of the Commonwealth of Puerto Rico and is Plaintiff's employer.

**IV. THE FACTS**

   5.   Plaintiff started working for Office Max in the year 1995.

   6.   He is currently 46 years old.

2

7. His current position with Office Max is Merchandising Stock Associate and at the moment he is assigned to the Defendant's store in Plaza Centro, Caguas.

8. During his more than twenty-two(22) years working for the Defendant, Plaintiff has been a model employee and hasn't been subjected to any major disciplinary measure or penalty.

9. Until January of 2017 Plaintiff held a full time position with the Defendant.

10. On January 17, 2017, Plaintiff and a female employee, who is also over 45 years old and who also held a full time position, were surprisingly told that they either had to be moved to part time positions or that they had to accept a severance package and quit the company.

11. Due to his age and the dire labor market on the Island, Plaintiff was in no position to quit his job.

12. Thus, on January 24, 2017, he was moved to a part-time position against his will.

13. The hours from the weekly schedule taken from Plaintiff were given to younger employees who perform the same duties as him.

14. In fact, not only was Plaintiff moved from a full to a part time position, but employees who are much younger than him and who has spent a lot less time with the company have been given

schedules with more hours than him; this disparity increased once Plaintiff filed his charge before the EEOC.

15. This clearly shows the Defendant's plan on discriminating against Plaintiff due to his age with the intent of forcing his resignation.

16. Even though the Defendant has numerous stores in the Metro Area of the Island, it didn't give Plaintiff any options of moving to one of these stores; were he could keep working at a full time schedule.

17. The only explanation given for this unfair reduction was given by Store Manager Mr. Jorge Figueroa, who simply told Mr. De Jesus that the company was undergoing a reorganization of its operations.

18. The Defendant has no valid reason for reducing Plaintiff's position from full to part time, while giving schedules with more hours to younger employees who have recently started working with Office Max.

19. Plaintiff has basically worked all of his adult life and has given his best years to Office Max, but unfortunately said Company just wants to discard him now that he has reached his mid-forties.

20. Plaintiff filed a charge of discrimination with the EEOC on February 21, 2017.

21. Said agency issued the corresponding Right to Sue Letter on June 16, 2017, which was sent thru certified mail on June 19, 2017.

## V. FIRST CAUSE OF ACTION
**(Compensatory and Punitive Damages under ADEA)**

22. The allegations contained in paragraph No. 1 through No. 21 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

23. The facts set forth in this Complaint constitute a violation of Plaintiff's rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§'s 621 *et seq.* due to his age.

24. As a result, compensatory and punitive damages for the emotional distress, pain and suffering, mental anguish and to deter this type of discrimination in the future in an amount of not less than $500,000 under ADEA against the Defendant are requested.

## VI. SECOND CAUSE OF ACTION
**(Equitable Relief under ADEA)**

25. The allegations contained in paragraph No. 1 through No. 24 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

26. The facts set forth in this Complaint constitute a violation of Plaintiff's rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§'s 621 *et seq.* due to his age.

27. Equitable relief is requested, constituting back pay which is currently calculated at not less than $10,000.00 and increasing monthly until a Judgment is issued in this case and the reinstatement of Plaintiff to his previous full time position.

## VII. THIRD CAUSE OF ACTION
### (Commonwealth Law No. 100)

28. The allegations contained in paragraph No. 1 through No. 27 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

29. The facts set forth in this Complaint constitute age discrimination at the workplace and thus are in violation of Commonwealth Law No. 100 of June 30, 1959 as amended, 29 L.P.R.A. §§'s 146 *et seq.*

30. Thus, Plaintiff is entitled to an award of no less than $500,000 under Law No. 100 for the pain and emotional distress that he has suffered due to the Defendant's actions.

31. In addition, the total amount that will be awarded as damages and which are requested in this Complaint under Federal

and State law are subject to be doubled pursuant to 29 L.P.R.A. § 147(a).

### VIII. FOURTH CAUSE OF ACTION
### (Commonwealth Law No. 115)

32. The allegations contained in paragraph No. 1 through No. 31 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

33. As stated in the facts set forth in this Complaint, once Plaintiff filed his administrative charge before the EEOC and the same was notified to Office Max, his weekly schedule was reduced even more in retaliation for filing said charge, this in violation of Commonwealth Act No. 115 of December 20, 1991, as amended, 29 L.P.R.A. §§'s 194 *et seq.*

34. *T*hus, Plaintiff is entitled to an award of not less than $500,000 under Law No. 115 for the pain and emotional distress suffered due the Defendant's retaliation.

35. In addition, the total amount that will be awarded as damages and which are requested in this Complaint under Federal and State law are subject to be doubled pursuant to 29 L.P.R.A. § 194a(b).

### IX. FIFTH CAUSE OF ACTION
### (Attorney Fees, Prejudgment Interest)

36. The allegations contained in paragraph No. 1 through No. 35 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

37. The Defendant is hereby liable to Plaintiff for all sums hereby requested as well as for all equitable relief, pre-judgment and post-judgment interest, costs and attorney fees pursuant to 42 U.S.C. § 1988.

38. Attorney fees and interest are also available under the Commonwealth laws mentioned in this Complaint.

## X. JURY TRIAL

39. Plaintiff hereby invokes his right to a jury trial pursuant to the Seventh Amendment of the United States Constitution for all issues so triable.

## XI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for this Honorable Court to enter Judgment imposing on Defendant the payment of a) a compensation of no less than $500,000.00 under ADEA; b) back pay and reinstatement under ADEA; c) an amount of no less than $500,000.00 under Commonwealth Act No. 100; d) an amount of no less than $500,000.00 under Commonwealth Act No. 115; e) that the aforementioned amounts be doubled pursuant the applicable

Commonwealth Laws; f) all with interest, attorney fees and the costs of the litigation, as well.

**RESPECTFULLY SUBMITTED** in Caguas, Puerto Rico on this 14th day of September of 2017.

**FRANCIS & GUEITS LAW OFFICES**
PO Box 267
Caguas, PR 00726
Tel. (787)745-3100
Fax. (787) 626-6720
E-Mail: jgueits@fglawpr.com
cfrancis@fglawpr.com

**S/JOSÉ J. GUEITS-ORTIZ**
**JOSÉ J. GUEITS-ORTIZ**
U.S.D.C.-P.R. Bar No. 224704

**S/CHRISTIAN J. FRANCIS-MARTÍNEZ**
**CHRISTIAN J. FRANCIS-MARTÍNEZ**

U.S.D.C.-P.R. Bar No. 227105